## Redinger v. Gillette

This action was commenced under the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq., (hereinafter act). The action is presently at the stage involving the selection of arbitration panel members. See 40 P.S. §1301.308; 37 Pa. Code §§171.31 to 171.38. Because several parties refused to stipulate to proceed with less than seven arbitrators, the selection process commenced with the goal of choosing two attorney panel members, two health care provider panel members and three lay-person panel members. Due to the providential use

of strikes for unacceptability there were no candidates mutually agreed to after the return of the first Arbitration Panel Candidate Selection List. See 37 Pa. Code §171.33.

The return of the second list showed the parties had again failed to reach agreement as to a mutually acceptable qualified panel candidate. In addition to exercising their strikes for unacceptability, several counsel challenged the second list, alleging that one of the panel candidates was unqualified to serve on the panel, since he is a member of plaintiffs' counsel's law firm. We agree that a panel candidate's membership in the same firm as a party's counsel raises a presumption of bias. Unless waived, this presumption of bias would prevent the administrator from inviting such candidate to serve, if he should survive the strikes for unacceptability. Further, the candidate could not unconditionally sign the oath of office.

We wish to make clear that such candidate is not unconditionally precluded from serving on the arbitration panel. Our rules and regulations provide for disclosure of interests affecting partiality. Thereafter:

"[t]he Administrator will promptly communicate such disclosure to the parties. The panel member will be dismissed from service unless all parties waive in writing any presumption of bias on the part of the member by reason of the disclosure. Thereafter, if all parties waive any presumption of bias, the Administrator will determine in his discretion whether the member should nevertheless be disqualified and will inform the parties of his decision, which will be conclusive." 37 Pa. Code §171.37(a).

The presence of a member of the firm on the list, while regrettable, does not warrant the voiding of the list containing his name. While the administrator endeavors to avoid listing candidates patently challengeable for bias, sufficient safeguards are present to warrant the continuation of the selection procedure without submission of a substitute list of candidates.

There was an attempt by two defense counsel to strike for cause this unqualified attorney panel candidate (the fourth of five names on the second list of Attorney Arbitration Panel Candidates). Because the two defense counsel had already used their limit of two strikes each for unacceptability, we will treat the third strike as a valid challenge for cause.

The administrator's rejection of this unqualified candidate, coupled with the parties' strikes of the remainder of the candidates on the second list, required the administrator to appoint all the members of the arbitration panel. See 40 P.S. §1301.308(c). Notifications of the administrator's appointments were mailed to counsel on February 13, 1979, along with biographical sketches of the appointees. The parties were granted ten days to present challenges for cause to the appointees: 37 Pa. Code §171.33(c).

In a letter dated February 23, 1979, plaintiff's counsel sought to propound questions to the administrator's appointees. Plaintiffs' counsel has requested information as to whether the health care providers appointed are associated with the defendant hospital and whether they have been sued in a medical malpractice action since the date of the questionnaires they submitted to this office. The relationship with the defendant hospital, if

any, will be revealed when the candidates are asked to sign an oath of office. As to any malpractice suits, paragraph 7 of the oath of office would reveal any current suit for professional negligence. Our policy is to avoid the appointment of any panel members who are parties in such suits currently.

Neither the act nor the rules and regulations provide the parties with a right to propound questions to the administrator's appointees. The right to propound questions pursuant to 37 Pa. Code §171.33(a) and (e) is limited to questioning candidates named on the arbitration panel candidate selection lists provided in the earlier phases of panel selection.

In contrast to the candidates named on the two arbitration panel candidate selection lists, who may be stricken for unacceptability or challenged for cause, the administrator's appointees are subject to challenge for cause only: 40 P.S. §1301.308; 37 Pa. Code §171.33(a) and (c). Sufficient information is provided to the parties, in the biographical statement and oath of office which each panelist must eventually sign, to enable the parties to determine if a challenge for cause is warranted. While this may not be the perfect manner to uncover grounds for challenges for cause, the legislative mandate to provide "a prompt determination and adjudication" requires a limit on the investigation of potential panelists: 40 P.S. §1301.102. To hold otherwise would unduly delay the ultimate selection of an arbitration panel. This should not be permitted.

In reviewing the panel selection procedures we are guided by the Supreme Court's determination in Parker v. Children's Hospital of Philadelphia, 483 Pa. 106, 394 A. 2d 932, 944-945 (1978):

". . . The arbitration panel is not a jury and therefore not subject to the strictures applicable to the composition of that body. . . . [T]he proceedings need not be attended by 'the full panoply of trial-type formalities' . . . In any event, dissatisfied participants in medical malpractice arbitration proceedings are afforded a statutory right to a trial *de novo* on the claim submitted to the panel including trial by jury."

While some counsel may view the process of selecting arbitration panel members as analogous to selecting a trial jury, both the General Assembly and the Pennsylvania Supreme Court have made clear that was not the intent of the act.

Accordingly, we enter the following

## ORDER

And now, April 27, 1979, upon consideration of the request to propound questions to the administrator's appointees and the challenges to the second candidate list, it is hereby ordered and decreed that the request to propound questions and the challenges to the list are denied.